IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERESA A. WILLIAMS                                                                              PLAINTIFF

VS.                                              CASE NO. 05-CV-4083

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                  DEFENDANT

## ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Teresa A. Williams seeks judicial review of the final decision of the Commissioner of the Social Security Administration, ("Commissioner") which denied her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3). Now before the Court is the Report and Recommendation filed March 27, 2007 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 12). Judge Bryant considered the question of whether substantial record evidence supported the decision of the Commissioner to deny SSI to Plaintiff. Judge Bryant's recommendation is to affirm the decision of the Commissioner. Plaintiff has timely filed objections to the Report and Recommendation. (Doc. 13). After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

### I. BACKGROUND

Plaintiff claimed disability in 2003 related to back pain from a pelvic fracture sustained in 1987 and a spinal fracture sustained in 1995. Plaintiff also claimed disability related to ear pain. A single medical record revealed bilateral otitis media, otherwise known as an ear infection. After considering Plaintiff's medical records and her subjective complaints of pain, the ALJ found that Plaintiff's impairments did not qualify her for presumptive disability. In addition, the ALJ found

that Plaintiff retained the residual functional capacity to lift or carry five pounds frequently and up to ten pounds maximum; to stand or walk for two hours continuously and for four hours out of an eight-hour workday; and to sit for 20 minutes continuously and for four hours out of an eight-hour workday. Based on the testimony of a vocational expert, the ALJ found that Plaintiff was unable to perform her past work as a parts inspector, but that she could perform other work existing in significant numbers in the national economy. Thus, the ALJ determined that Plaintiff was not under a "disability" as defined in the Act. Plaintiff sought review of this decision, but the Appeals Council denied review of Plaintiff's case on February 8, 2005, making the decision of the ALJ the final decision of the Commissioner. From that decision, Plaintiff brings the instant appeal.

## II. DISCUSSION

It is well settled that a claimant has the burden of proving her disability by establishing that she is unable to perform substantial gainful activity for at least twelve (12) months because of a medically determinable impairment. *See* 42 U.S.C. § 1382c(a)(3); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Proof of a disabling impairment must be supported by at least some objective medical evidence. *See Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

The ALJ found that Plaintiff's medical evidence does not support her claims of disabling back and ear pain. Plaintiff's 1987 pelvic fracture is not documented in any of the medical evidence in this case. Similarly, records of an evaluation in 1995 by Dr. Contreras show that Plaintiff sustained a cervical strain rather than a spinal fracture. At any rate, Plaintiff's condition improved by 2000, when she underwent a routine physical and made no mention of back or ear pain. Plaintiff's medical records do show, however, that she has a remote history of injuries resulting from spousal abuse.

In 2003, after Plaintiff filed for SSI, Dr. Kahn performed a consultative examination of

Plaintiff at the request of the Social Security Administration. Dr. Kahn found that Plaintiff was not taking any medications related to her alleged disabilities and that her pelvic and lumbar spine x-rays were normal. Plaintiff exhibited no muscle weakness, muscle atrophy or sensory abnormalities during Dr. Kahn's evaluation.

The ALJ discounted Plaintiff's subjective complaints of pain due to her failure to seek regular medical treatment and the fact that at no time was Plaintiff on prescription pain medication. *See Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996)(finding claimant's complaints of pain inconsistent with her failure to seek regular treatment for back pain and use of aspirin alone instead of prescription pain medication). Finally, the ALJ found that Plaintiff's level of daily activity is inconsistent with her claim of total disability. Plaintiff drives frequently, including trips to her parents house four or five times a week. Plaintiff's daily activities include doing laundry, washing dishes, cooking, shopping and attending church. On the day of her hearing, Plaintiff woke up, did some floor exercises, went out to look at a horse, and then went shopping at Wal-Mart. Plaintiff is an avid rider of horses, and won first place in a breakaway roping contest at a rodeo in 2003, the year of onset for her alleged disability. In short, Plaintiff's daily activities are not consistent with someone who is disabled and unable to do any work. *See Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(finding claimant's ability to care for himself, do household chores, drive a car short distances, and perform other miscellaneous activities inconsistent with the level of pain alleged).

Finally, a vocational expert testified before the ALJ that someone in Plaintiff's condition could perform the functions associated with a variety of account and telephone clerk jobs. The vocational expert also identified the prevalence and availability of similar jobs in the national and regional economy.

### III. CONCLUSION

The Court's review of the record in this case reveals that Plaintiff has failed to carry her burden of establishing her disability.  Objective medical evidence presented in this case does not support Plaintiff's claims of a disabling impairment.  As a result, the Court is fully satisfied that the decision of the Commissioner to deny SSI to Plaintiff Teresa A. Williams was supported by substantial record evidence.  Accordingly, the decision of the Commissioner should be and hereby is **AFFIRMED**.  Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of May, 2007.

                                              /s/Harry F. Barnes
                                     Hon. Harry F. Barnes
                                      United States District Judge